UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ESTRADA, A-222-615-514,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08471-TLN-CKD P<br><br>ORDER and<br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's order on October 16, 2026. The petition and respondent's response are before the court. (ECF Nos. 1, 8.) No further briefing is necessary. For the reasons set forth below, the undersigned recommends the court waive exhaustion of administrative remedies, grant the petition, and order respondent to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Mexico who entered the United States at an unknown time and place and alleges he has lived in the United States for 30 years. (ECF No. 8-1 at 1; ECF No. 1 at

7.) On or about September 23, 2026, ICE located petitioner in jail following an arrest on charges of burglary, assault, and criminal mischief, and domestic violence in the presence of a child. (ECF No. 8-1 at 6.) Under respondent's evidence, petitioner has several prior arrests and convictions for misdemeanor offenses. (Id. at 6-7.)

Petitioner alleges ICE arrested him without a warrant on September 26, 2026, and that he has been mis-classified under the detention authority of 28 U.S.C. § 1225. (ECF No. 1 at 7.) He seeks release. (Id. at 8.)

In response to the petition, respondent argues petitioner is detained under 8 U.S.C. § 1226(a) and therefore "entitled to seek a custody determination hearing before an immigration judge." (ECF No. 8 at 1.) Respondent states petitioner "has not completed such a hearing" to date. (Id.) Respondent states the court should deny the petition for lack of exhaustion, or, alternately, limit relief to the bond hearing the statute affords. (Id.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was present in the interior of the United States when he was detained by ICE, and removal proceedings are ongoing. As respondent concedes, the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner is entitled to a bond hearing under the INA.

Respondent has put forth evidence that petitioner was given the opportunity to request review of his custody determination on or about September 26, 2026, and petitioner did request such review. (ECF No. 8-2 at 5.) Respondent has not explained why no review of petitioner's custody by an immigration judge has taken place as petitioner requested. Petitioner was entitled to this process which should have already been provided. Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a).[1]

Rather than a bond hearing, petitioner seeks release from custody. However, petitioner provides no authority showing he is entitled to an order of release. There is no indication immigration officials have previously released petitioner upon finding he presents no danger to the community or risk of flight. Cf. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention). The record lacks evidence to support finding a due process liberty interest in remaining free from immigration detention based on such a history. In addition, although plaintiff alleges he was arrested without a warrant, the record includes a Form I-200 warrant for petitioner's arrest dated September 22, 2026. (ECF No. 8-2 at 8.)

Considering the applicable discretionary detention framework and the absence of evidence of prior release on bond, an order directing respondents to provide a bond hearing is the recommended remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Chateauneuf v. Chestnut, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) ("where the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release."). In light of the recommendation that the petition be granted, the interests of justice would not be served by the appointment of counsel at the present time.

////

---

[11] To any extent petitioner had administrative remedies for this remedy, prudential exhaustion should be waived because those remedies were "inadequate or not efficacious" in this case. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

## IV. Recommendation

For the reasons set forth above, IT IS ORDERED that petitioner's motion to appoint counsel (ECF No. 3) is DENIED.

IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 estr8471.mer